IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Alan Miller, | C/A No. 2:09-2473-JFA-RSC |
| Plaintiff, | |
| v. | **ORDER** |
| York County Public Defender's Office; Mindi Inski; and Gary Lamel, | |
| Defendants. | |

The *pro se* plaintiff, John Alan Miller, is an inmate at the Kershaw Correctional Institution of the South Carolina Department of Corrections ("SCDC"). He initiated this action pursuant to 42 U.S.C. § 1983 challenging his "inability to obtain evidence to support a Habeas Corpus action." He seeks a complete copy of his state court criminal file and monetary damages.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should summarily dismiss the complaint. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Specifically, the Magistrate Judge suggests that this action should be dismissed without prejudice pursuant to the decision of the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that before a state inmate may recover damages for an allegedly unconstitutional conviction or imprisonment whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called in to question by a federal court's issuance of a Writ of Habeas Corpus.

The Magistrate Judge also suggests that the three named defendants are subject to summary dismissal because they have not acted under color of state law as is required under a § 1983 action.

Finally, the Magistrate notes that this court cannot order the State of South Carolina to provide the plaintiff with a free copy of his state criminal case file. *United States v. Glass*, 317 F.2d 200 (4th Cir. 1963).

In response to the Magistrate Judge's Report, the plaintiff has filed an "informal brief" and a "reply brief" objection memorandum which does not address the holding in *Heck v. Humphrey*. The remainder of the plaintiff's objections are little more that a restatement of the claims in the complaint.

Because the Magistrate Judge was correct in his determination that *Heck v. Humphrey* bars this suit, the court will adopt the Report, which is incorporated herein by reference, and overrule all objections thereto. This action is hereby dismissed without prejudice and without issuance and service of process.

This action shall also be deemed a "strike" under the "three strikes" rule of 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*
Joseph F. Anderson, Jr.
United States District Judge

November 24, 2009
Columbia, South Carolina